## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| HARVEY PATRICK SHORT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:10-01078** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Plaintiff's application for Supplemental Security Income (SSI), under Title XVI of the

Social Security Act, 42 U.S.C. §§ 1381-1383f.[1] By Standing Order entered September 7, 2010

(Document No. 3.), this case was referred to the undersigned United States Magistrate Judge to

consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation

for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). On September 7, 2010, Plaintiff filed his

Complaint in this matter and an Application to Proceed Without Prepayment of Fees and Costs.

---

[1] The Court notes that Claimant also asserts in his Complaint as follows:

The Plaintiff states that the Defendants are federal employees, and that this
Title 42 U.S.C. Section 1983 action be construed as a Bivens action.
The Plaintiff states that the Defendants are violating his rights under the
following constitutional provisions and federal laws:
1) The Social Security Act;
2) The Plaintiff's right to equal protection of the law; and
3) The Plaintiff's right to due process of law.

(Document No. 2 at 6-7.) His claims arise from an award of SSI benefits on February 23, 2007, by
an Administrative Law Judge when he was incarcerated. (*Id.* at 6.) Plaintiff asserts that he requested
that Defendant begin disbursement of his benefits upon his release from incarceration, which they
stated they would refuse to do. (*Id.*)

(Document Nos. 1 and 2.) By Order and Notice entered October 5, 2012, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to serve the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 4.) On March 5, 2013, the undersigned entered a Notice of Failure to Make Service Within 120 Days to Plaintiff, which advised him that this civil action would be dismissed within ten days of the filing of the notice unless he could demonstrate good cause to the Court why service was not made within the 120 period of time. (Document No. 6.) The Notice was returned as undeliverable as addressed. (Document Nos. 7 and 8.) Plaintiff has not provided the Court with a further valid address.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* plaintiff's failure to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the

_____

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as adjudication on the merits.

action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rules does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Plaintiff therefore, is the sole cause of the delays in this action. Plaintiff was directed, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to serve a copy of the Summons and Complaint on the Defendant. (Document No. 4.) Thus, Plaintiff has neither effectuated service within the 120 day period pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, nor demonstrated good cause for his failure to do so, and dismissal is proper for this reason. Furthermore, pursuant to Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff was obligated to advise the Clerk of the Court promptly of any changes in his address and telephone number.[3] Plaintiff has not provided the Court with a valid address and telephone number. With respect to the second and third factors, although the record is void of further

---

[3] Local Rule Civil Procedure 83.5 provides as follows:

A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her, and his/her telephone number. A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.

evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of his inability to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of the undersigned's Orders advising Plaintiff that his failure to show good cause for failure to make service would result in a dismissal of this matter without prejudice. (Document No. 6.) Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2.) without prejudice for failure to prosecute and **REMOVE** this matter from the Court's docket. **Though the undersigned issued Notice to Plaintiff on March 5, 2013, of the proposed dismissal without prejudice of this action if Plaintiff failed to respond to the Court's Order, the Court will withdraw this Proposed Findings and Recommendation should Plaintiff be able to show good cause for the failure to prosecute within the time period allowed for objections, as specified below.**

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: November 13, 2013.

R. Clarke VanDervort
United States Magistrate Judge

5